UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORGE GEOVANNI MERCADO ROSALES,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-05214 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Jorge Geovanni Mercado Rosales filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 13. For the reasons that follow, the Court GRANTS the petition.

The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner last entered the United States in 2021 without inspection by immigration authorities, and has been living in the country for the last five years. *Id.* ¶ 4. Respondents claim that prior to Petitioner's most recent entry, he was encountered by U.S. Customs and Border patrol on two separate occasions and returned to Mexico both times. Dkt. No. 6-1 at 2. Since 2021, Petitioner married a U.S. citizen, whom he shares a daughter with. Dkt. No. 1 ¶ 6. He filed an I-130 Petition for Alien Relative Status with USCIS on February 25, 2026, which remains pending. *Id.* ¶ 7; Dkt. No. 6-1 at 2.

On June 11, 2026, Petitioner was detained by ICE at the Salt Lake County Adult Detention Complex where he was detained pending charges for child abuse. Dkt. No. 6-1 at 2; Dkt. No. 6-2 at 5. Those charges were dismissed on June 16, 2026, though he has remained in immigration



United States District Court
Eastern District of California

detention. Dkt. No. 1 ¶ 8.

Respondents oppose habeas relief on the grounds that 8 U.S.C. § 1225(b) allows the Government to detain Petitioner without providing him the opportunity to challenge his continued detention at a bond hearing. Dkt. No. 6 at 2. As it has in the past, the Court rejects Respondents' argument and finds that Petitioner's detention, bond, and release are controlled by § 1226(a) as Petitioner is a non-citizen "present without admission who [was] apprehended in the interior of the United States" and is, therefore, "subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164 (9th Cir. 2026).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b), and otherwise has not been previously detained by immigration authorities. Under circumstances where the Government failed to make any showing that they abided by the procedures authorizing detention under § 1226(a), courts have granted immediate release. *See, e.g.*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence that Petitioner was arrested with a warrant or that an initial custody determination was made prior to detention); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *See, e.g.*, *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026); *Santana v. Marin*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 746995, at *5 (E.D. Cal. Mar. 17, 2026), *report and recommendation adopted*, No. 1:26-CV-0915-DJC-JDP,

2026 WL 853376 (E.D. Cal. Mar. 27, 2026) (recommending a bond hearing where petitioner, detained pursuant to § 1226(a), had pending charges for assault after threatening his ex-wife with a gun).

Under the circumstances presented here, a prompt bond hearing is proper. Courts have chosen a bond hearing as the more appropriate remedy where the noncitizen has a criminal history involving serious crimes, as was the case here given that Petitioner was detained promptly after release from state custody. While this evidence might not justify a finding of dangerousness or flight risk, it is sufficient to support the finding that "due process is satisfied if Petitioner is provided with a post-deprivation bond hearing within [14] days." *See Archundia v. Wofford*, No. 1:26-CV-1452-DJC-CSK, 2026 WL 607977, at *2 (E.D. Cal. Mar. 4, 2026) (finding a bond hearing to be the proper remedy where petitioner was previously arrested for "allegedly engaging in prostitution").

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: September 9, 2026

EDWARD J. DAVILA
United States District Judge